IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN P. MEADE,

    Plaintiff,

vs.                                            No. CIV 11-0973 RB/LFG

BANK OF AMERICA, N.A.; BANK OF
AMERICA CORPORATION; formerly
known as COUNTRYWIDE BANK; WELLS
FARGO BANK; ALL UNKNOWN PERSONS
CLAIMING ANY LIEN, INTEREST OR
TITLE ADVERSE TO PLAINTIFF; and,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Wells Fargo Bank, N.A.'s (Wells Fargo's) Motion to Dismiss Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 13), filed on November 14, 2011. Plaintiff (Mr. Meade) did not file a response in opposition to this motion. Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel, the record, and relevant law, the Court grants the motion.

**I.  Background**

On September 22, 2011, Mr. Meade filed a Complaint for Declaratory Judgment and Quiet Title in the First Judicial District Court, County of Santa Fe, State of New Mexico. (Complaint, Doc. 1-1). Therein, Mr. Meade seeks to invalidate two mortgages recorded against his real property, which is located in Santa Fe, New Mexico. (*Id.*) The first mortgage is held by Bank of America and the second mortgage is held by Wells Fargo. (*Id.*) Mr. Meade alleges that Wells Fargo "may also claim an interest adverse to that of Plaintiff by virtue of an equity line of credit for which Plaintiff executed a security interest in the property in April 2004." (*Id.*) On October 31, 2011, Defendants removed the action to

this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting subject matter jurisdiction based upon diversity of citizenship.  *See* 28 U.S.C. § 1332.

On November 14, 2011, Wells Fargo moved to dismiss the complaint, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6), on the ground that it has a valid, recorded mortgage on the property.  Mr. Meade has not filed a response in opposition to this motion, and the time for filing a response has expired.  D.N.M.LR-Civ. 7.1(b).

On January 18, 2012, counsel for Wells Fargo submitted a letter to the court stating "while Plaintiff does not oppose [Wells Fargo's] motion, [Mr. Meade's counsel] does oppose [Wells Fargo's] request that it be granted with prejudice."  (Letter from Larry Montaño to The Honorable Robert C. Brack, dated January 18, 2012, attached hereto as Exhibit 1).  On January 24, 2012, counsel sent e-mails to chambers confirming that "Plaintiff did not respond, which was not due to any agreement of counsel."  (E-Mails from N. Ana Garner and Larry Montaño, dated January 24, 2012, attached hereto as Exhibit 2).

**II.    Discussion.**

In order to withstand a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To state a claim, a plaintiff must "nudge" his claims "across the line from conceivable to plausible" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950-51 (2009).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient.  *Twombly*, 550 U.S. at 555.

Mr. Meade alleges that "Defendant Wells Fargo Bank, NA may also claim an interest adverse to that of Plaintiff by virtue of an equity line of credit for which Plaintiff executed a security interest in

the property in April 2004." (Compl. ¶ 7). These are the sum total of the allegations as to Wells Fargo. The mortgage in favor of Wells Fargo was recorded on April 27, 2004. (Def. Ex. B, Doc. 13-2). *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (noting that, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits ... and documents incorporated into the complaint by reference" (citation omitted)). Mr. Meade has alleged no facts that would invalidate that mortgage, and has failed to respond to the motion to dismiss. Mr. Meade's quiet title claim fails, as a matter of law, because the factual allegations in Paragraph 7 of the Complaint, as well as the recorded mortgage, confirm that Wells Fargo holds a valid security interest in the property. In that Mr. Meade has failed to state a plausible claim against Wells Fargo, the Motion to Dismiss, pursuant to Rule 12(b)(6), will be granted.

Mr. Meade does not oppose the Motion to Dismiss; rather he contends, through back channels, that the dismissal should be without prejudice. (Ex. 1.) A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6). *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006). The Complaint fails to state a claim against Wells Fargo. Accordingly, the dismissal will be with prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendant Wells Fargo's Motion to Dismiss Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 13), filed on November 14, 2011, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Wells Fargo is **DISMISSED WITH PREJUDICE**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**